FILED

17 MAY 25 PM 3:08

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___MXN___ DEPUTY

UNSEALED PER ORDER OF COURT

~~SEALED~~ 6/7/17 alf

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>HARDEV SINGH MOHAN<br>         SINGH PANESAR (1),<br>  aka Hardev Singh,<br>  aka Hardev Panesar,<br>RAFAEL HASTIE (2),<br>  aka Rafa,<br>GURDEV SINGH (3),<br><br>                    Defendants. | Case No.  **17 CR 1371 GPC**<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 912 – False Personation of an Officer or Employee of the United States; Title 31, U.S.C., Sec. 5324(a)(3) and (d) – Structuring Domestic Financial Institutions; Title 18, U.S.C., Sec. 981(a)(1)(C), Title 28, U.S.C., Sec. 2461(c), and Title 31, U.S.C., Sec. 5317 – Criminal Forfeiture |

The grand jury charges at all relevant times:

INTRODUCTORY ALLEGATIONS

1.   The United States Department of Homeland Security (DHS) is an agency of the United States.

2.   Defendants HARDEV SINGH MOHAN SINGH PANESAR, aka Hardev Singh, aka Hardev Panesar (hereinafter "PANESAR") and RAFAEL HASTIE, aka Rafa, (hereinafter "HASTIE") are not, and have never been, employees or officers of the DHS.

//

//

MEH:nlv:San Diego
5/25/17

Count 1

<u>CONSPIRACY TO COMMIT WIRE FRAUD (18 U.S.C. § 1349)</u>

3. Paragraphs 1 and 2 of the Introductory Allegations are realleged and incorporated by reference.

4. Beginning on a date unknown to the Grand Jury, and continuing up to and including May 24, 2017 in the Southern District of California, and elsewhere, defendants PANESAR, HASTIE, and GURDEV SINGH, (hereinafter "SINGH"), knowingly conspired and agreed with each other and with others to commit wire fraud – that is, to devise with the intent to defraud a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme used and caused to be used interstate wire communications; in violation of Title 18, United States Code, Section 1343.

**MANNER AND MEANS**

5. It was part of the conspiracy that co-conspirators used the following manner and means:

    a. Defendants PANESAR, HASTIE, and SINGH, and unindicted co-conspirators known and unknown, induced persons to pay money based on false and fraudulent claims that the defendants could secure immigration status for the victims and their families;

    b. Defendants PANESAR and HASTIE falsely claimed to work for DHS and other government agencies, and falsely represented that they had the authority to both obtain lawful immigration documents and legal status for individuals who lacked such status the United States, as well as to stop deportation proceedings;

       c. Defendants PANESAR and HASTIE falsely claimed to work for DHS and other government agencies to threaten victims and to deter the victims from reporting the fraud to law enforcement;

       d. Defendants PANESAR, HASTIE, and SINGH, and unindicted co-conspirators known and unknown, caused interstate wire transfers to be made for the purpose of receiving and moving the proceeds generated by the fraudulent scheme;

       e. Defendants PANESAR, HASTIE, and SINGH, and unindicted co-conspirators known and unknown, caused funds from the victims to be deposited into, transferred between, and withdrawn from various bank accounts controlled by Defendants PANESAR, HASTIE, and unindicted co-conspirators;

       f. Defendants PANESAR, HASTIE, and SINGH, and unindicted co-conspirators known and unknown, intentionally concealed from the victims the fact that immigration documents and status could never and would never be obtained; and

       g. Defendants PANESAR, HASTIE, and SINGH, and unindicted co-conspirators known and unknown, intentionally concealed from victims the fact that the more than $6 million paid for purported immigration documents would be, and was, converted to the personal use and benefit of defendants and unindicted co-conspirators.

## OVERT ACTS

6. In furtherance of the conspiracy and to accomplish its object, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

       a. In or about October 2014, HASTIE falsely represented to F.H., an illegal alien, that he worked for the U.S. government and could obtain the alien a green card for $45,000.

  b. In or about October 2014, HASTIE met with F.H. to review immigration paperwork and collected $3,000 as a down payment.

  c. In or about May 2015, HASTIE and PANESAR falsely represented themselves as government employees to F.H.'s wife and requested $10,000 to complete the application for immigration documents.

  d. In or about May 2015, PANESAR threatened F.H. and his wife.

  e. On or about May 25, 2015, HASTIE sent F.H.'s wife a Wells Fargo checking account number and account name wherein to deposit money.

  f. On or about May 26, 2015, F.H.'s wife deposited $6,500 into the checking account provided by HASTIE to obtain an immigration document for her husband from PANESAR and HASTIE.

  g. On or about September 26, 2016, PANESAR called T.T. and stated J.C. needed to pay an additional $6,200 to process the green card. PANESAR stated that the additional money would guarantee the green card by October 15, 2016. PANESAR claimed the additional money could make J.C. safe from deportation.

  h. On or about September 27, 2016, PANESAR and T.T. met with J.C. wherein PANESAR received money from J.C. Immediately following the meeting, PANESAR sent these some of the proceeds by MoneyGram to Nigeria in the name of S.K.

  i. On or about September 26, 2016, PANESAR and SINGH had a three-way telephone call with N.S. to discuss his ongoing application. PANESAR told N.S. that the "Deportation Center" needed waivers, that PANESAR sent the waivers, and PANESAR was waiting for them to come back. PANESAR stated to N.S. that PANESAR would get proof of work being done

on the immigration application after N.S. asked for his $250,000 back from PANESAR or proof that work had been done.

    j. On or about October 4, 2016, PANESAR called SINGH and requested an additional $2,150 to stop deportation proceedings of A.J. SINGH confirmed he would tell A.J. that A.J. must deal with the deportation before getting the green cards.

    k. On or about October 4, 2016, PANESAR and SINGH had a three-way phone call with A.J. PANESAR asked A.J. to send $2,250 via MoneyGram to stop deportation proceedings.

    l. During the same phone call on or about October 4, 2016, PANESAR falsely stated he was currently sitting with the person who would stop the deportation proceedings of A.J. as soon as the $2,250 was sent. SINGH told A.J. to send PANESAR the money.

    m. On or about October 4, 2016, a few hours after the phone call between PANESAR, SINGH and A.J., PANESAR confirmed to SINGH that he had received the $2,250.

    n. On or about October 10, 2016, PANESAR messaged T.T. that additional payments were due for some immigrant applicants and requested $10,000. T.T. requested a few weeks for them to obtain the money. PANESAR offered $1,000 commission to T.T. to get the money from the immigrant applicants.

    o. On or about October 14, 2016, PANESAR messaged T.T. and stated that the money related to J.C.'s application had to be paid by 2:00 p.m. that day. PANESAR promised T.T. a $2,000 commission if J.C. paid the money.

    p. At approximately 12:21 p.m. on October 14, 2016, PANESAR met with T.T. in El Cajon, California, and received a package from T.T. which contained some of the funds PANESAR had demanded from J.C.

      q. On or about October 14, 2016, PANESAR made four separate structured cash deposits at four different bank branches into a Wells Fargo bank account, totaling $20,500.

All in violation of Title 18, United States Code, Section 1349.

Counts 2-4

WIRE FRAUD (18 U.S.C. § 1343)

7. Paragraphs 1 and 2 of the introductory allegations are realleged and incorporated herein by reference.

8. Beginning on a date unknown to the Grand Jury and continuing through March 2017, within the Southern District of California, defendant PANESAR, aided and abetted by others known and unknown to the Grand Jury, devised a material scheme to defraud and to obtain money from persons by means of materially false and fraudulent pretenses, representations, and promises.

9. Paragraphs 5 and 6 of Count 1 are realleaged and incorporated by reference as more fully describing the material scheme to defraud and to obtain money from persons by means of materially false and fraudulent pretenses, representations, and promises.

10. On or about the dates set forth below, within the Southern District of California, and elsewhere, defendant PANESAR, for the purpose of executing and attempting to execute the above-described scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, transmitted and cause to be transmitted in interstate commerce, the writings, signs, signals, pictures, and sounds set forth below:

//
//
//

| Count | Date | Sender | Receiver | Communication |
|---|---|---|---|---|
| 2 | 2/9/2016 | Hardev Panesar (in California) | (in Illinois) | Email of a letter on DHS letterhead stating that case is in final stage of processing |
| 3 | 3/25/2013 | N.S. (in Indiana) | Hardev Panesar (in California) | Wire transfer of $24,000 |
| 4 | 9/14/2015 | N.S. (in Indiana) | Hardev Panesar (in California) | Wire transfer of $10,000 |

All in violation of Title 18, United States Code, Section 1343.

### Counts 5-8

### FALSE IMPERSONATION BY PANESAR (18 U.S.C. § 912)

11. Paragraphs 1 and 2 of the Introductory Allegations are realleged and incorporated herein by reference.

12. On or about the dates set forth below, within the Southern District of California, defendant PANESAR did falsely assume and pretend to be an officer and employee acting under the authority of the United States, that is, a United States Department of Homeland Security employee, as more fully described in Paragraphs 5 and 6 of Count 1, and in such assumed and pretended character did demand and obtain things of value, that is money in the amounts set forth below, from victims:

| COUNT | DATE | POSITION | ITEM RECEIVED |
|---|---|---|---|
| 5 | 9/26/16 | DHS employee | $6,200 |
| 6 | 9/30/16 | DHS employee | $1,180 |
| 7 | 10/4/16 | DHS employee | $2,250 |
| 8 | 10/12/16 | DHS employee | $4,000 |

All in violation of Title 18, United States Code, Section 912.

//
//

7

Counts 9-10

FALSE IMPERSONATION BY HASTIE (18 U.S.C. § 912)

13. Paragraphs 1 and 2 of the Introductory Allegations are realleged and incorporated herein by reference.

14. On or about the dates set forth below, within the Southern District of California, defendant HASTIE did falsely assume and pretend to be an officer and employee acting under the authority of a United States, that is, a United States Department of Homeland Security employee, as more fully described in Paragraphs 5 and 6 of Count 1, and in such assumed and pretended character did demand and obtain things of value, that is money in the amounts set forth below, from undocumented immigrants seeking immigration status:

| COUNT | DATE | POSITION | ITEM RECEIVED |
|---|---|---|---|
| 9 | 10/2014 | DHS employee | $3,000 |
| 10 | 5/26/15 | DHS employee | $6,500 |

All in violation of Title 18, United States Code, Section 912.

Count 11

STRUCTURING DOMESTIC FINANCIAL INSTITUTIONS

15. On or about October 14, 2016, within the Southern District of California, defendant PANESAR did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure the following transactions with domestic financial institutions and did so while violating another law of the United States, to wit conspiracy to commit wire fraud:

   a.   At 12:32 P.M., deposit of $4,300.00 in one hundred dollar bills at Wells Fargo store 00670484 into account XXXXXX7807.

//

      b.    At 1:00 P.M., deposit of $7,000.00 in one hundred dollar bills at Wells Fargo store 00401884 into account XXXXXX7807.

      c.    At 1:33 P.M., deposit of $7,500 in one hundred dollar bills at Wells Fargo store 00009543 into account XXXXXX7807.

      d.    At 2:05 P.M., deposit of $1,700 in one hundred dollar bills at Wells Fargo store 007231411 into account XXXXXX7807.

All in violation of Title 31, United States Code, Section 5324(a)(3) and (d).

## FORFEITURE ALLEGATIONS

16.    The allegations contained in Counts 1 through 4 and Count 11 are realleged herein for purposes of seeking forfeiture against defendants HARDEV SINGH MOHAN SINGH PANESAR, aka Hardev Singh, aka Hardev Panesar, RAFAEL HASTIE, aka Rafa, and GURDEV SINGH, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 31, United States Code, Section 5317.

17.    Upon conviction of the offenses alleged in Counts 1 through 4 of this Indictment and pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code Section 2461(c), defendants HARDEV SINGH MOHAN SINGH PANESAR, aka Hardev Singh, aka Hardev Panesar, RAFAEL HASTIE, aka Rafa, and GURDEV SINGH, shall forfeit to the United States any and all property, real and personal, constituting and derived from proceeds obtained directly or indirectly as a result of said violations.

18.    Upon conviction of the offense alleged in Count 11 of this Indictment and pursuant to Title 31, United States Code, Section 5317(c), defendant HARDEV SINGH MOHAN SINGH PANESAR, aka Hardev Singh, aka Hardev Panesar shall forfeit to the United States all property, real and personal, involved in the offense and all property traceable thereto.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or

    d. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 31, United States Code, Section 5317(c), to seek forfeiture of any property of the defendants up to the value of the said property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code Section 2461(c), and Title 31, United States Code, Section 5317.

DATED: May 25, 2017.

A TRUE BILL:

_____
Foreperson

ALANA W. ROBINSON
Acting United States Attorney

By: _____
ANDREW P. YOUNG
Assistant U.S. Attorney

By: _____
MEGHAN E. HEESCH
Assistant U.S. Attorney